IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PANTHERA RAIL CAR LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-679 |
| ) | Judge Nora Barry Fischer |
| KASGRO RAIL CORPORATION, a ) | |
| Pennsylvania corporation, KASGRO ) | |
| LEASING, LLC, KR LOGISTICS, LLC, and ) | |
| KASGRO RAIL CAR MANAGEMENT, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

**I.     INTRODUCTION**

Presently before the Court is Plaintiff's Motion to Compel Discovery, wherein Panthera seeks further Response to thirty-five[1] Requests for Production of Documents ("RPDs) served on Defendants Kasgro Rail Corporation, Kasgro Leasing, and Kasgro Rail Car Management. (Docket No. 143). The matter has been fully briefed, (Docket Nos. 144; 145; 147), and the Court heard oral argument on March 5, 2014, (Docket No. 148). Upon consideration of the Plaintiff's Second Amended Complaint (Docket No. 106), the parties' briefings and arguments on Plaintiff's Motion to Compel (Docket Nos. 143; 144; 145; 147; 148), and for the reasons set forth herein, Plaintiff's Motion [143] is granted.

---

[1] Counsel averred at the Motion Hearing that the parties reached a side agreement as to the number of RPDs to be served. The Court notes that pursuant to its Case Management Order, the "The total number of written interrogatories, requests for production, and requests for admission, including subparts, submitted by a party to another party shall not exceed 25. To the extent that any party seeks additional written discovery, a motion shall be filed to request same." (Docket No. 96 at 2, ¶ 4).

## II. LEGAL STANDARD

The parties dispute the scope of discovery to which Panthera is entitled. Federal Rule of Civil Procedure 26 describes the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Bracey v. Harlow*, No. 11-04, 2012 WL 4857790 (W.D. Pa. Oct. 12, 2012) (Kelly, M.J.); *see also Thomas v. Lawler*, No. 10-2437, 2013 WL 949483 (M.D. Pa. Mar. 11, 2013). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Bracey*, 2012 WL 4857790, at *2. Additionally, discovery may be denied where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

> controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

The scope of fact discovery turns largely on the initial pleadings. *See Toth v. Cal. Univ. of Pa.*, Civ. A. 09-1692, 2011 WL 2436138, at *2 (W.D. Pa. June 15, 2011) (Fischer, J.) ("The complaint and its claims circumscribe the scope of discovery. It is against these claims that discoverability is determined as to each discovery request made."); Committee Note, 192 F.R.D. 340, 192 F.R.D. 340, 389 (2000) ("The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.").

As suggested by the preceding discussion, trial courts exercise "substantial discretion" over discovery. *Stich v. United States*, 730 F.2d 115, 117–18 (3d Cir. 1984) ("[T]he conduct of discovery is also committed to the sound discretion of the district court."). Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the court. *Harris v. Pa. Bd. of Prob. & Parole*, Civ. No. 3:12-cv-0674, 2013 WL 5551206, *2 (M.D. Pa. Oct. 8, 2013) (citing *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987)).

### III. DISCUSSION

The parties disagree on two points with respect to the pending Motion: whether information prior to 2011 is relevant; and whether production of same would unduly burden the Kasgro Defendants. (Docket Nos. 143; 144; 145; 147; 148). The Court addresses each issue in turn.

#### A. Relevance

"Relevant evidence" means "anything having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." FED. R. EVID. 401. The scope of this language is intended to

be broad. *See Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 542 (3d Cir. 2007); *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 922 (3d Cir. 1985). Generally, relevant evidence is admissible. FED. R. EVID. 402. Importantly, however, the scope of permissible discovery is broader than the scope of admissible evidence. FED. R. CIV. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*." (emphasis added)).

Panthera argues that the discovery requested in its Motion falls within Rule 26(b) because Panthera's fraud claims implicate conduct that occurred over years, and because Panthera challenges the Kasgro Defendants' representations within an Acknowledgement executed in 2011. (Docket Nos. 143, 144, 147, 148). The Kasgro Defendants assert that information prior to 2011 is irrelevant because Panthera is precluded from asserting any pre-2011 claims, pursuant to the Assignment[2] by which it acquired its lease interest. (Docket Nos. 145, 148). They further contend that Panthera has failed to adequately show how the requested information is reasonably calculated to lead to relevant information, suggesting that Panthera is simply conducting a fishing expedition. (Docket No. 148).

Based upon the Court's review of Panthera's Second Amended Complaint, the Court

---

[2] The pertinent contract language states:

> [RTC] conveys and assigns to [Panthera] […] all of [RTC]'s right, title, and interest, if any, in and to the Owner Interests [i.e., the 1997 Lease as amended], from and after the date of this Agreement, excluding any claim, cause of action, liability or obligation of any nature or description or other right to payment accruing, arising or relating to any period on or prior to the date hereof or payable by reason of any act, event or omission occurring or existing on or prior to the date hereof, whether known or unknown, contingent or otherwise, as of the date hereof […].

(Docket No. 145-1 at 2).

finds that information regarding the Kasgro Defendants' pre-2011 is discoverable under Rule 26(b). Multiple allegations in the Second Amended Complaint implicate conduct occurring prior to 2011, either explicitly or through reference to the Kasgro Defendants' pattern of conduct. (Docket No. 106 at ¶¶ 19, 24, 27, 40, 42, 43, 45, 56, 57, 114, 149, 150). Nor have the Kasgro Defendants moved for a protective order pursuant to Rule 26(c). Moreover, this Court is mindful that Panthera has alleged fraudulent conduct involving business relations. "Such conduct is generally covert and must be gleaned from records, conduct, and business relationships." *Callahan v. A.E.V. Inc.*, 947 F. Supp. 175, 179 (W.D. Pa. 1996).

Accordingly, the Court finds Panthera's discovery request is proper under Rule 26(b).

**B.    Burden**

Next, the Kasgro Defendants argue that producing documents for all the years that Panthera requests is unduly burdensome, thereby warranting a limitation on the scope of discovery. (Docket No. 145). Rule 26(b)(2)(C)(iii) calls on trial courts to weigh the burdens and expenses associated with the proposed discovery against the likely benefits of same. FED. R. CIV. P. 26(b)(2)(C)(iii). In making this assessment, the court should consider the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at the present stage in the action, and the importance of the discovery in resolving the issues. The relevant inquiry is whether the discovery request is unduly burdensome in light of the importance of the discovery. *See* FED. R. CIV. P. 26(b)(2); *Bracey v. Harlow*, No. 11-04, 2012 WL 4857790 , *2 (W.D. Pa. Oct. 12, 2012) (Kelly, M.J.).

Here, the Court finds that the Kasgro Defendants have not shown that any burden would be undue. To that end, the Defendants have not offered any evidence to support their complaints that their clients are not able to comply with Panthera's request for lack of sufficient resources.

*See In re Actos (Pioglitazone-Products Liab. Litig.)*, 6:11-MD-2299, 2013 WL 4776346, *4 (W.D. La. Sept. 3, 2013) ("The financial and personnel resources available to the Defendants appear to be sufficient to allow them to respond to the PSC's requests for production."). Additionally, the Court accepts the proffer made by counsel for Panthera, as an officer of the Court, that this case is potentially worth in excess of seven figures, a figure the Defendants did not dispute. (Docket No. 147). In light of the importance of discovery and the amount in controversy, the Court thus finds that the Kasgro Defendants' burden is not undue, and does not warrant limiting the scope of discovery.

## IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Panthera's Motion to Compel [143] is GRANTED. Defendants Kasgro Rail Corporation, Kasgro Leasing LLC and Kasgro Rail Car Management, LLC are compelled to respond to Panthera's Document Requests using the time period of 2000 to the present for Request Numbers 6, 8, 14 and 28, and the time period of 2005 to the present for all other Requests. The Kasgro Defendants shall maintain a privilege log detailing the confidential information that is not produced.

IT IS FURTHER ORDERED that the parties, through counsel, shall meet and confer in order to decide upon a Special Master who will hear any disputes that may arise regarding the remainder of fact discovery. The parties shall contact the agreed-upon Special Master and clear any conflicts of interest. The parties shall file a Joint Status Report with the Court providing the name and contact information for the Special Master no later than **March 12, 2014 at 5:00 p.m.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 6, 2014
cc/ecf: All counsel of record