IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PANTHERA RAIL CAR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-679 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| KASGRO RAIL CORPORATION, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

For the reasons that follow, Maxus Capital Group, LLC's Motion to Intervene (Doc. 154), will be denied.

Movant Maxus Capital Group, LLC ("Maxus") argues that it is entitled to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. *See* Doc. 155 at 6. A non-party is entitled to intervene under Rule 24(a)(2) only if: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987). Each of these requirements must be met in order for a party to intervene as of right. *Id.*

Here, the Court finds that Maxus cannot intervene as a matter of right because it does not meet the second requirement -- namely, Maxus does not have a sufficient interest in the litigation. An intervenor is required to demonstrate "an interest relating to the property or transaction which is the subject of the action." Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (quoting Fed. R. Civ. P. 24(a)(2)). In order to satisfy this requirement, "an intervenor's interest must be one that is significantly

protectable." *Id.* (internal citations omitted). The "interest must be a legal interest as distinguished from interests of a general and indefinite character," and the "applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* (internal citations omitted). "In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Id.*

Here, Maxus attempts to meet this requirement by baldly stating that the underlying lawsuit may have an adverse effect on its business relationship with the Kasgro Entities and its contractual interest in the Bosque lease. Doc. 155 at 7. However, Maxus fails to explain how Panthera's enforcement action could possibly create a tangible threat to any of Maxus's legally cognizable interests, especially in light of the fact that the Bosque lease appears to have already ended by its own terms. *See* Doc. 160 at 7. On the contrary, the Court is persuaded by the arguments set forth by Plaintiff Panthera Rail Car LLC ("Panthera"), in its response in opposition. *See id.* at 4-6 (arguing that Maxus has no interest in the action and that Maxus has failed to "explain how Panthera's enforcement of the 2005 Revised Lease relates to Maxus' rights with respect to any of its dealings with Kasgro, or how the present action directly affects any cognizable legal interest Maxus might have"). Accordingly, for those reasons, the Court finds that Maxus has not shown that it has a sufficient interest in the underlying litigation, and therefore is not entitled to intervene as a matter of right.

Moreover, the Court agrees with Panthera that Maxus's intervention would essentially create an entirely new suit – one that would focus on the non-disclosure agreement between Panthera and Maxus, as opposed to the lease between Panthera and the Kasgro Entities —the subject matter of this lawsuit. *See* Doc. 160 at 4. Panthera is correct that creating a new lawsuit

is not the purpose of Rule 24.  *Id.* (citing Washington Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)).

Finally, the Court agrees with Panthera that Maxus also has failed to explain how it meets the remaining three requirements of Rule 24(a)(2).  *See* Doc.160 at 7-9 (arguing that even if Maxus had an interest in the action, no outcome could directly impair that interest; that Kasgro adequately represents whatever interests Maxus may have in the action; and that the motion to intervene is untimely and without excuse).  Maxus's motion fails for these additional reasons.

Consistent with the foregoing, it hereby is ORDERED that Maxus's Motion to Intervene **(Doc. 154)** is **DENIED.**

IT IS SO ORDERED.


April 22, 2014                                        s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record